UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ISAIAH RICHMOND,                )
                                )
            Petitioner,          )
                                )
      v.                         )        Case No. 3:18-CV-286-RLM-MGG
                                )
WARDEN,                          )
                                )
            Respondent.          )

<u>OPINION AND ORDER</u>

Isaiah Richmond, a prisoner without a lawyer, filed this habeas corpus case
to challenge the prison disciplinary hearing in case number STP 17-05-145 held
at the Heritage Trail Correctional Facility on June 1, 2017, in which he was found
guilty of using and/or possessing a cellular telephone in violation of Indiana
Department of Correction policy A-121. The disciplinary hearing officer sanctioned
Mr. Richmond with a 180-day loss of earned credit time and also imposed a
suspended sanction of a 90-day loss of earned credit time. The Warden has moved
to dismiss the petition and filed documentation showing Richmond hasn't
exhausted his administrative remedies before filing his habeas petition as required
by 28 U.S.C. § 2254(b)(1). *See* <u>Moffat v. Broyles</u>, 288 F.3d 978, 981-982 (7th Cir.
2002).  Mr. Richmond didn't file a response and the time for doing so has passed.

Principles of exhaustion that apply to federal review of criminal convictions
also apply to review of prison disciplinary proceedings. *See* <u>Eads v. Hanks</u>, 280
F.3d 728, 729 (7th Cir. 2002); <u>Markham v. Clark</u>, 978 F.2d 993, 994-995 (7th Cir.

1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. <u>Eads v. Hanks</u>, 280 F.3d at 729.

The Indiana Department of Correction has established a two-step administrative appeals process. The offender must first file a facility-level appeal within 15 days of the date of the disciplinary hearing or receipt of the hearing report. If the facility head denies the first appeal, the offender must then file a second-level appeal within 15 days of the date of the facility-level response with the final reviewing authority for the Department of Correction, asserting only the claims that were asserted in the first-level appeal. *See* Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101, §§ X(A)-(D) (effective June 1, 2015), available at https://www.in.gov/idoc/3265.htm (last visited September 11, 2018).

In his petition, Mr. Richmond indicated he had filed a facility-level appeal with the facility head and second-level appeal with the final reviewing authority. The Warden has produced documentation showing that Mr. Richmond didn't file these two administrative appeals. Because he has failed to exhaust his administrative remedies and the time to complete the administrative appeals process has passed, Mr. Richmond can't seek habeas corpus relief.

For these reasons, the motion to dismiss (ECF 8) is GRANTED and the petition (ECF 2) is DISMISSED WITHOUT PREJUDICE. The Clerk is DIRECTED to close this case.

SO ORDERED on September 11, 2018

 /s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT